ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

AMRITA MALLIK, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, 7th Floor
Honolulu, Hawaii 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: amrita.mallik@eeoc.gov

Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LA RANA HAWAII, LLC D/B/A SENOR FROG'S and ALTRES, INC.; and DOES 1-15, INCLUSIVE;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. CV 11-00799 LEK BMK<br><br>**CONSENT DECREE AND ORDER; EXHIBIT A** |

1

# I.      INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") and Defendant La Rana Hawaii, LLC ("La Rana" or "Defendant") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff EEOC's First Amended Complaint against Defendant in *EEOC v. La Rana Hawaii, LLC et al.;* Case No. 11-00799 LEK BMK (the "Complaint").  On December 30, 2011, Plaintiff filed this Action in the United States District Court, District of Hawaii, for alleged violations of Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").  The Action alleged that Defendants discriminated against a class of female employees (the "Claimants") on the basis of their sex and retaliated against Claimants following their complaints of discrimination.

# II.      PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The parties to this Consent Decree are the EEOC and La Rana (the "Parties").  The scope of this Decree encompasses any facility owned and operated by La Rana within the state of Hawaii during the duration of the term of this Decree.  This Decree shall be binding on and enforceable against La Rana and its officers, directors, agents, successors and assigns as to all monetary and non-monetary relief.

B.      The Parties have entered into this Decree for the following purposes:

1.    To provide appropriate monetary and injunctive relief;

2.    To ensure that La Rana's employment practices comply with federal law;

3.    To ensure a work environment free from discrimination, hostility and retaliation;

4.    To ensure training for La Rana's managers and employees with respect to their obligations under Title VII; and

5.    To provide an appropriate and effective mechanism for handling discrimination complaints in the workplace.

6.    To avoid expensive and protracted costs incident to this litigation.

This Decree resolves all claims EEOC has brought or could have brought against La Rana arising out of this Complaint. This Decree does not constitute adjudication on the merits of the allegations of the Complaint and does not constitute an admission of wrongdoing by Defendant.

## III.    RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims and allegations by the EEOC against La Rana that are raised or which could have been raised in the Complaint filed in this action in the United States District Court for the District of Hawaii captioned *EEOC v. La Rana Hawaii, LLC et al.;* Case No. 11-00799 LEK BMK (the "Complaint").

B.    Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

3

C.    Nothing in this Decree shall be construed to limit or reduce La Rana's obligation to comply fully with Title VII or any other federal employment statute.

D.    This Decree in no way affects EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against the Defendant in accordance with standard EEOC procedures.

## IV.    JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this lawsuit.  The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.    The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.    MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment

4

of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.    COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the Commission has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes Defendant has breached. Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure the breach.

B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.      After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the

Decree for such period of time as Defendant is shown to be in breach of the Decree.

## VIII.   <u>MONETARY RELIEF</u>

A.      Defendant will pay the total of the gross amount of Three Hundred Fifty Thousand Dollars ($350,000.00) ("Settlement Amount"), to be distributed, at the sole discretion of the EEOC, between the Claimants in such amounts to be adequate consideration as to each Claimant.  The Claimants include the ten Claimants identified by the EEOC as of February 14, 2013, and any other Claimants that may arise by or before June 30, 2013.  The EEOC will notify Defendant of each identified Claimant's portion and amount of monetary relief.

B.      The EEOC will provide Defendant a list identifying the Claimants by name, their current addresses, the amount to be paid to each, the classification of such amounts to be paid and any additional relevant identifying information (hereafter "Distribution List").  The EEOC shall also provide a completed form W-9 for each Claimant.  Within thirty (30) days of the Effective Date or receipt of the Distribution List and all W-9s, whichever is later, the Defendant shall send to each Claimant via certified mail, return receipt requested, cashier's checks or money orders.

C.      As appropriate, Defendant agrees to issue an IRS Form W-2 to the Claimants for all monies, if any, paid to them as lost wages.  As appropriate, Defendants agrees to issue an IRS Form 1099 to the Claimants for all monies, if any, paid to them as compensatory damages.  Defendant shall also make all appropriate reports to the Internal Revenue Service and other tax authorities.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Claimants.

D.     Defendant and each Claimant have entered into a separate and independent release agreement, to which the EEOC is not a party.  Defendant agreed to pay an additional $250.00 per Claimant for private counsel to review and advise each Claimant regarding the separate agreement.

E.     Within three (3) business days of the issuance of each settlement check, Defendant will provide a copy of each check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.     GENERAL INJUNCTIVE RELIEF

A.     NON-DISCRIMINATION

    1.     *Discrimination based on sex*

La Rana, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) harassing or tolerating harassment and/or discrimination against persons on the basis of their sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of their sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

    2.     *Retaliation*

La Rana, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or

permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of any restaurant owned and operated by La Rana, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by La Rana or its human resources provider) proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

B.    <u>POSTING</u>

Within ten (10) business days after the Effective Date or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, La Rana shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at any facility owned and operated by La Rana within the state of Hawaii during the term of this Decree.  The notice shall remain posted for the duration of the decree.

C.    <u>EQUAL EMPLOYMENT OPPORTUNITY CONSULTANT</u>

Within thirty (30) days after the Effective Date, or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, La Rana shall retain an Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination and sexual harassment issues, to monitor La Rana's compliance with Title VII and the provisions of this Decree.  The Consultant shall

8

be subject to the Commission's approval, which shall not be unreasonably withheld. La Rana shall propose a Consultant to the Commission. If the Commission does not approve the proposed Consultant, the Commission shall provide La Rana with a list of at least three suggested candidates acceptable to the Commission. La Rana shall bear all costs associated with the selection and retention of the Consultant and the performance of his/her/its duties. The Consultant's responsibilities shall include:

1.      Ensuring that La Rana's procedures to handle complaints of discrimination, harassment and retaliation comply with its obligations under Title VII and this Decree;

2.      Ensuring that La Rana's anti- harassment policy and reporting procedure effectively carry out its obligations under this Decree;

3.      Ensuring that all supervisory and managerial employees are trained on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of discrimination and harassment based on sex;

4.      Ensuring that all supervisory and managerial employees are trained on policies and procedures relating to sex-based discrimination/harassment and retaliation;

5.      Monitoring La Rana's investigation of all complaints of sex-based discrimination/ harassment and retaliation to ensure compliance with Title VII;

6.      Ensuring that La Rana properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

7.      Ensuring that La Rana's reports required by this Decree are accurately compiled and timely submitted;

8.      Ensuring that La Rana's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

9.      Ensuring that La Rana creates a centralized system of tracking discrimination, harassment, and retaliation complaints;

10.     Further ensuring compliance with the terms of this Decree; and

11.     Preparing a brief annual report on La Rana's progress and its compliance under this Decree.

The Consultant shall ensure compliance for the foregoing provisions for the term of the Decree.

D.      POLICIES CONCERNING DISCRIMINATION AND HARASSMENT

La Rana shall, within ten (10) business days after the Effective Date or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, provide a copy to the Commission of a policy on sexual harassment and sex-based discrimination that shall include:

1.      A clear explanation of prohibited conduct;

2.      Assurance that employees who make complaints of harassment/ discrimination or provide information related to such complaints will be protected against retaliation;

3.      A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if

applicable), address, and telephone number of persons both internal (i.e., human resources) and external to La Rana (i.e., Commission and Consultant available to handle complaints concerning high level company officials of La Rana's corporate hierarchy) to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

4.      Assurance that the employer will protect the confidentiality of harassment/discrimination complaints to the extent possible from being disclosed to those who do not need to know;

5.      A complaint process that provides a prompt, thorough, and impartial investigation;

6.      A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

7.      Assurance that La Rana will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred.

8.      Assurance that La Rana's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

EEOC shall comment on the policy within forty-five (45) days of receipt. Should the policy not require any revision, La Rana shall confirm distribution of the policy company-wide no later than ten (10) business days after the forty-five (45) day period.  The policy shall be distributed to all employees, including

11

management and supervisory staff, and shall be included in any relevant policy or employee manuals distributed to employees by La Rana.  La Rana shall maintain acknowledgments from each employee who receives the revised policy. Throughout the term of this Decree, La Rana shall also post the revised policy in a legible font, and in a place that is clearly visible to all employees of any restaurant owned and operated by La Rana in the state of Hawaii as covered by this Decree.

E.     TRAINING

1.     As described below, La Rana will provide EEO training to all its employees company-wide within the state of Hawaii.  Within sixty (60) days after the Effective Date or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, or thirty (30) days after hiring the Consultant, whichever is later, all of the La Rana managerial, supervisory and human resources employees shall attend live, in-person training(s) of at least 4 hours in duration about its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation. Within that same time frame, La Rana shall provide a separate training of at least 2 hours in duration for its non-managerial staff/hourly employees.  All training may be conducted in English, but a Spanish translator will be available to translate all or portions of the training sessions when needed.

2.     The training of managerial, supervisory and human resources employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of sex-based discrimination, harassment, and retaliation; and how to take preventive and corrective measures against sex-based discrimination, harassment and any subsequent retaliation.

12

3.      After the initial trainings described in Paragraph 1 of this subsection, La Rana shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for sex-based discrimination, harassment, and retaliation for its managerial employees and separate refresher training for its employees.

4.      For any employees who miss the scheduled training described in this section, La Rana shall show a videotape of the scheduled training to these employees within thirty (30) days of the scheduled training or the employee's return to work, whichever is later.

5.      All employees required to attend such training shall verify their annual attendance in writing.

6.      Within forty-five (45) days after the Effective Date or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, or fifteen (15) days after hiring the Consultant, whichever is later, La Rana shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees.  La Rana shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

F.      PERFORMANCE EVALUATIONS

For the upcoming review cycle, following the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, La Rana with the assistance or review of the EEO Consultant shall create or revise their

performance evaluation forms for managers and supervisors in order to include as measures for performance compliance with La Rana's Anti-Discrimination and Retaliation Policies and Procedures, and with EEO laws including Title VII.

G.    COMPLAINT PROCEDURE

Within sixty (60) days of the Effective Date or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, La Rana shall ensure that they have publicized an internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of discrimination or retaliation.  La Rana shall also publicize the EEOC complaint line number of (800) 669-4000.

La Rana shall:

1.    Internally publicize the complaint procedure;

2.    Track and collect all complaints filed thereunder;

3.    Investigate and resolve such complaints in a timely and effective manner; and

4.    Retain records regarding resolution of all such complaints.

The Consultant shall track all complaints filed thereunder and retain records regarding resolution of all such complaints. The Consultant shall also ensure that La Rana publicizes the complaint procedure and monitor the investigation and resolution of such complaints.

H.    THE INTERNAL COMPLAINT PROCEDURE SHALL INCORPORATE THE FOLLOWING ELEMENTS:

1.    A policy describing how investigations will be conducted;

14

2.     A prompt commencement and thorough investigation by a La Rana employee trained to conduct such investigations who is not connected with the complaint;

3.     A statement that an investigation should generally include interviews of all relevant witnesses, including the complainant, the accused party(ies), and reviews of all relevant documents;

4.     A written record of all investigatory steps, and any findings and conclusions, and any actions taken;

5.     Provision for the reasonably prompt resolution of such complaints;

6.     An opportunity for a the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

7.     Confidentiality of the complaint and investigation to the extent possible;

8.     Appropriate communication of the final conclusions of the investigation provided to the complainant;

9.     An appeal procedure to an appropriate La Rana representative, should the complainant be dissatisfied with the results of the investigation; and

10.     A notice that employees or applicants complaining of discrimination may use the company's internal complaint procedure and contact information for the EEOC or state or local Fair Employment Practice (FEP) agencies.  The notice shall also state that filing an internal complaint does not relieve the complainant of

meeting any applicable deadline for the filing of a charge or complaint with EEOC or state or local FEP agencies.

J.   THE INTERNAL COMPLAINT PROCEDURE

The Internal Complaint Procedure will permit, but not require, an employee to initiate the complaint process by submitting a written complaint on a form designed for the purpose.

K.   ZERO TOLERANCE

La Rana will maintain a policy of nondiscrimination and equal treatment, including a policy of zero tolerance for unlawful discrimination, in all of its employment practices.

L.   EMPLOYEE RIGHTS

The Internal Complaint Procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

M.   PUBLICATION OF THE INTERNAL COMPLAINT PROCEDURE

La Rana shall publish with the Internal Complaint Procedure the following elements that will be included in the procedure:

1.   A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure.

16

2.     A statement that if an allegation of discrimination or retaliation against a manager or other employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

## X.     RECORD KEEPING AND REPORTING

A.     RECORD KEEPING

If there is an opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, La Rana shall work with the Consultant to establish a company-wide record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.     All documents generated in connection with any complaint, investigation into the complaint, or resolution of every complaint of discrimination or retaliation for the duration of the Decree and the identities of the parties involved;

2.     All forms acknowledging employees' receipt of La Rana's revised discrimination and anti-retaliation policy;

3.     All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

The foregoing documents shall be summarized in the semi-annual reports set forth below.

B.     REPORTING

In addition to the notices to the EEOC specified above, La Rana shall provide, without assertion of the attorney-client privilege or attorney work product, the following reports to the EEOC in writing, by mail or facsimile:

1.      Within ninety (90) days after the Effective Date, or after the opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree, whichever is later, La Rana shall submit to the EEOC an initial report which contains:

(a)      A copy of the revised discrimination and anti-retaliation policy;

(b) A summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination complaints and the monitoring of such complaints;

(c) A statement confirming that the required notices pertaining to this Decree and the revised discrimination and anti-retaliation policies have been posted; and

(d) Copies of all employee acknowledgment forms indicating receipt of the revised discrimination and anti-retaliation policy.

2.      La Rana shall also provide the following reports semiannually throughout the term of this Decree, if there is an opening of a restaurant in Hawaii owned and operated by La Rana during the term of this Decree:

(a)      The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous six months;

18

(b)      Acknowledgments of receipt of the revised discrimination and harassment policy for all employees hired during the previous six months;

(c)      A description of all discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the employee(s) who investigated or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report;

(d)      An analysis of the monitoring done for repeat complaints by employees and investigation of complaints; and

(e)      La Rana shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

## XI.   **COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE**

La Rana shall bear all costs associated with the administration and implementation of the obligations under this Consent Decree.

## XII.   COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.  MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, La Rana shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of La Rana's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Consent Decree, La Rana and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA  90012.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated:                                    By:   /s/ *Anna Y. Park*_____
                                                      Anna Y. Park
                                                      Amrita Mallik
                                                      Attorneys for Plaintiff

20

LA RANA HAWAII, LLC

Dated:  November 21, 2013        By:  /s/ *Anne T. Horiuchi*
                                     Barbara A. Petrus
                                     Anne T. Horiuchi
                                     Attorneys for Defendant

21

## ORDER

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

**IT SO ORDERED.**



Dated:  11/26/13

_/s/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge